Ryan Lee, Esq. (SBN: 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
SHAYNE CRANICK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| SHAYNE CRANICK, | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | **(Unlawful Debt Collection Practices)** |
| NIAGARA CREDIT RECOVERY, INC., | |
| Defendant. | |

SHAYNE CRANICK (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against NIAGARA CREDIT RECOVERY, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

**PARTIES**

7. Plaintiff is a natural person residing in Fresno, Fresno County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a collection law firm with a business office located in Niagara Falls, NY.

**FACTUAL ALLEGATIONS**

11. In or around March of 2013, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt arising from transactions for personal, family, and/or household purposes.

12. Defendant places collection calls to Plaintiff at 562-383-31XX.

13. In or around March of 2013, Defendant placed a collection call to Plaintiff and left a voicemail message.

14. In the voicemail message, Defendant's representative failed to state the true name of the company placing the call, failed to state that the call was from a debt collector, and failed to state that the call was being placed to collect a debt. *See* Transcribed voicemail message as Exhibit A.

15. In the voicemail message, Defendant's representative directed Plaintiff to return the call to 866-691-2954 extension 504, which is a number that belongs to Defendant. *See* Exhibit A.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d(6)* by placing telephone calls without meaningful disclosure of the caller's identity.

    b. Defendant violated *§1692e* by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

    c. Defendant violated *§1692e(10)* by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

    d. Defendant violated *§1692e(11)* by failing to disclose in its communications with Plaintiff that the communication was from a debt collector;

WHEREFORE, Plaintiff, SHAYNE CRANICK, respectfully requests judgment be entered against Defendant, NIAGARA CREDIT RECOVERY, INC., for the following:

18. Statutory damages of $1000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

20. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, SHAYNE CRANICK, respectfully requests judgment be entered against Defendant, NIAGARA CREDIT RECOVERY, INC. for the following:

23. Statutory damages of $1000.00, pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

24. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*; and

25. Any other relief that this Honorable Court deems appropriate.

                                        RESPECTFULLY SUBMITTED,

DATED: May 8, 2013              KROHN & MOSS, LTD.

                                By: /s/Ryan Lee
                                    Ryan Lee, Esq.
                                      Attorney for Plaintiff

PLAINTIFF'S COMPLAINT