UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAYNE CRANICK,

           Plaintiff,

    v.

NIAGARA CREDIT RECOVERY,  INC.,

         Defendant.

**1:13-cv-671 LJO GSA**

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**

**(Doc. 11)**

## I.    Introduction

Pending before the Court is Shayne Cranick's ("Plaintiff") Motion for Default Judgment against Niagara Credit Recovery ("Defendant").  No opposition to the government's motion was filed.  The matter was taken under submission without oral argument pursuant to Local Rule 230(g). For the reasons set forth below, the Court denies the motion without prejudice.

## II.    Procedural History

Plaintiff filed a complaint alleging violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.

Code § 1788, et seq. against Defendant Niagara Credit Recovery, Inc. (Doc. 1). On June 5, 2013, Plaintiff filed proof of service that the complaint was served on Nicole John who was "authorized to accept" service by leaving copies at the "defendant's place of business with a person of suitable age and discretion then working therein." (Doc. 5).

On June 27, 2013, Plaintiff's counsel filed an application for entry of default because Defendant Niagara Credit Recovery, Inc. had not timely answered the complaint. (Doc. 6). The Clerk entered Default on August 1, 2013. (Doc. 9). On August 8, 2013, this Court held a status conference and advised Plaintiff that any Motion for Default Judgment shall include legal authority in support of the method of service. Plaintiff subsequently filed the instant Motion for Default Judgment. (Doc. 11). The Court has reviewed Plaintiff's Motion for Default Judgment and DENIES the motion without prejudice for the reasons set forth below.

**III.   Discussion**

"[A] court must first assess the adequacy of the service of process on the party against whom default judgment is requested." *Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino*, WL 2219595 at * 2 (N.D. Cal. June 2, 2010) (citations omitted). "[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 104, (1987), *superseded by statute on other grounds*, Futures Trading Practices Act of 1992, Pub.L. No. 102-546, § 211, 106 Stat. 3590, 3607-08 (1992); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) (stating that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly" under Fed. R. Civ .P. 4, requiring service of summons and complaint). Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, "it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend'" under

2

Fed. R. Civ .P. 55(a). *See Downing v. Wanchek*, No. 2009 WL 256502, at *3 (E.D.Cal. Jan.30, 2009). Here, Defendant has filed a Motion for Default Judgment.  However, the motion for default judgment is deficient because Plaintiff has not established the defendant was properly served.

Rule 4(h) of the Federal Rules Civil Procedure in relevant section provides that a corporation must be served in a judicial district in the United States :

> (A)  in a manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B)  by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant.
> Fed. R. Civ. P. 4(h).

Rule 4(e) of the Federal Rules of Civil Procedure provides that where service is not waived, a person may be served in a judicial district of the United States by :

> (1)      following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)      doing any of the following:
>
>          (A) delivering a copy of the summons and of the complaint to the individual personally;
>          (B) leaving a copy of each at the individual's swelling or usual place of abode with someone of suitable age and discretion who resides there; or
>          (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>          Fed. R. Civ. P. 4(e)

In the Motion for Default Judgment, Plaintiff argues that service is proper pursuant to California Code of Civil Procedure § 416.10(b) which provides the following :

> A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods :
>
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

3

1      CCP § 416.10(b).

2

3      Here, the proof of service field on June 6, 2013, indicates service was effectuated by

4  leaving copies of the summons and complaint with "Nicole John, authorized to accept," at the

5  defendant's place of business with a person of suitable age and discretion working therein."

6  (Doc. 5, pg. 2). Other than this statement, there is no indication who Nicole John is, what her role

7  is in the corporation, or how she was authorized to accept service. Accordingly, the Court will

8  not recommend default judgment be granted until it has been established that Nicole John is

9  properly authorized to accept service of process on behalf of Niagara Credit Recovery. Currently,

10 Plaintiff has not established proper service under California or Federal law.[1]

11

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

---

26 [1] Plaintiff is cautioned that under California law, "[a]gents are not fungible. A person who is authorized to perform
one function on behalf of a principal may have no authority at all regarding a different function. In particular, the
27 fact that a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the
delivery of mail does not mean that the same person is authorized by the corporation to accept service of process.
28 *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1438 (Cal. App. 4 Dist, 1994).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    Conclusion**

Based on the above, Plaintiff's Motion for Default Judgment is DENIED without prejudice. No later than **March 28, 2014**, Plaintiff shall file an Amended Motion for Default Judgment that establishes that proof of service was proper.  In the alternative, if Plaintiff concedes that service was not proper, he shall so notify the Court no later than **February 28, 2014** than so that the Court can set aside the default and Plaintiff can re-serve the Defendant.  Plaintiff is advised that failure to comply with this order may result in dismissal of this action for a failure to prosecute.

IT IS SO ORDERED.

    Dated:   **January 28, 2014**                 **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

5